**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEMETRIUS BROWN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRISTEL CROW, ILLINOIS DEPARTMENT OF CORRECTIONS, UNKNOWN MAINTENANCE CONTRACTOR, and BIG MUDDY RIVER CORRECTIONAL CENTER,**<br><br>**Defendants.** | **Case No. 26-cv-101-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Demetrius Brown, who at the time he filed his lawsuit was an inmate of the Illinois Department of Corrections incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Brown's original Complaint (Doc. 1) alleging unconstitutional conditions of confinement that resulted in a spider bite was dismissed without prejudice for failure to state a claim (Doc. 12). Brown was granted leave to file an amended pleading. In his Amended Complaint (Doc. 15), Brown again alleges that defendants were deliberately indifferent to his conditions of confinement.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

On August 17, 2025, Brown noticed a bump under his knee and by August 19, the wound started bleeding and was infected with pus (Doc. 15, p. 5). Brown determined he had a spider bite and told a correctional officer about his condition. He was instructed to submit a sick call request and did so the following day (*Id.*). He saw a nurse and she placed him on the treatment line for medical care (*Id.*). On August 21, 2025, Brown saw a medical provider in the healthcare unit and received an ointment for his wound. He later received some oral medication although he does not recall the name of the medication (*Id.* at p. 6). The nurse told him that the treatment was all that was required and that a lot of inmates were getting bitten by spiders (*Id.*). Several days after the bite, he developed a hole at the site of the bite (*Id.*).

Brown alleges that after the incident correctional officers asked inmates in the unit if they needed bug spray, but he alleges the cells were never sprayed (Doc. 15, p. 6). Brown alleges the conditions at the prison are not sanitary and the conditions amount to cruel and unusual punishment (*Id.*). He alleges that Christel Crow was aware of the spiders in the housing unit because Brown alleges his bite was not the only complaint to medical providers. He also filed grievances after the fact that put Crow on notice of issues with spiders in the unit (Id.). Brown alleges the maintenance officer failed to spray the unit (*Id.*). Brown further alleges that Crow hired the maintenance officer (*Id.*). Brown

noted that the housing unit was infested with spiders and other insects (*Id*. at p. 7). In the time he was at the prison, he never saw a worker spray for bugs in the housing unit (*Id*.).

## Preliminary Dismissals

Once again, Brown identifies the Illinois Department of Corrections as a defendant in the case caption. But neither the agency nor the correctional center is a "person" subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Thus, any potential claim against IDOC or Big Muddy River Correctional Center is **DISMISSED with prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment conditions of confinement claim against Christel Crow and unknown maintenance worker for failing to spray the housing unit for spiders and insects.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Once again, Brown fails to state a claim against any defendant. Although he alleges that warden Crow was aware of the spider infestation in his housing unit, he only alleges that she should have been aware of the infestation after he complained about his spider bite and filed a grievance. There is no indication that Crow was aware of the infestation prior to Brown's injury. He also fails to allege the length of the infestation, only noting that it was ongoing during his time at Big Muddy. He does not indicate when he arrived at Big Muddy. Brown also alleges that the maintenance worker failed to spray for bugs, but there are no allegations to suggest that Brown ever spoke to the maintenance worker or that the worker was aware of the conditions in Brown's cell. There are simply no allegations to suggest that the defendants acted with deliberate indifference to Brown's conditions of confinement. *See Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (inmate who saw several cockroaches over the course of six years and was bitten twice failed to state a claim).

Thus, Brown once again fails to state a claim. This is Brown's second attempt to state a viable conditions of confinement claim, and he has been unable to do so.[2] The Court finds that further amendment would be futile. The Amended Complaint is **DISMISSED with prejudice**.

---

[2] Brown notes in his pleading that he believes he needs an attorney to help him with his claims (Doc. 15, p. 7), but his filings have been easy to understand. The Court does not find that counsel would be able to provide any aid to Brown as he is unable to state a viable claim of deliberate indifference.

**Disposition**

For the reasons stated above, Brown's Amended Complaint is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**